## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | |
|---|---|
| HOLLY HILL, for herself and on behalf of those similarly situated, | 2:22-CV-1143 |
| | **Case No.** _____ |
| *Plaintiff* | **COLLECTIVE/CLASS ACTION PURSUANT TO** 29 U.S.C. §216(b) **and** FED. R. CIV. P. 23 |
| v. | |
| BGC 135 9th STREET, INC., d/b/a Rick's Cabaret; and RCI HOSPITALITY HOLDINGS, INC., formerly known as Rick's Cabaret International, Inc., d/b/a Rick's Cabaret, | |
| *Defendants.* | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HOLLY HILL ("Hill" or "Plaintiff"), for herself and on behalf of those similarly situated, by and through undersigned counsel, files this Complaint against Defendants, BGC 135 9th STREET, INC., d/b/a Rick's Cabaret ("BGC"); and RCI HOSPITALITY HOLDINGS, INC. formerly known as Rick's Cabaret International, Inc., d/b/a Rick's Cabaret ("RCI") (collectively "Defendants"), to recover from Defendants minimum wage pay as required by the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law, and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §206 and §531.59 et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b), and 28 U.S.C. §1331.

3.    This Court has supplemental jurisdiction over Plaintiff's Pennsylvania Minimum Wage Act ("PMWA") and Pennsylvania Wage Payment and Collection Law ("PWPCL") claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA and PWPCL claims form a part of the same case or controversy and arise out of a common nucleus of operative facts as the FLSA claim.

4.    Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business in this judicial district.

## PARTIES

5.    At all times material hereto, Plaintiff was, and continues to be, a resident of Pittsburgh County, Pennsylvania.

6.    At all times material hereto, Defendant BGC was, and continues to be, engaged in business in Pennsylvania, with its principal place of business in Pittsburgh County, Pennsylvania.

7.    At all times material hereto, Defendant RCI was, and continues to be engaged in business in Pennsylvania, with its principal place of business in Harris County, Texas.

8.    Upon information and belief, at all times relevant hereto, BGC and RCI were Plaintiff's "integrated employer" under the FLSA, because they have; (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

9.      At all times relevant hereto, BGC and RCI were Plaintiff's "joint employer" for purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and are not completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

10.     BGC and RCI operate under the same business name, "Rick's Cabaret," engaged in the business of operating in the adult entertainment industry.

11.     In RCI's 10-K Form filed with the U.S. Securities and Exchange Commission, BGC is listed as a subsidiary of RCI.

12.     Through its subsidiaries, like BGC, RCI engages in the hospitality business, specifically by providing live adult entertainment, restaurant, and bar operations.

13.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA, the PMWA, and PWPCL.

14.     At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, the PMWA, and PWPCL.

15.     Defendants employ bartenders and servers at Rick's Cabaret.

16.     Upon information and belief, at all times material hereto, the annual gross revenue of Defendants were in excess of $500,000.00 per annum.

17.    Upon information and belief, at all times material hereto, the annual gross revenue of Defendant BGC was in excess of $500,000.00 per annum.

18.    Upon information and belief, at all times material hereto, the annual gross revenue of Defendant RCI was in excess of $500,000.00 per annum.

19.    At all times material hereto, Defendants, BGC and RCI were, and continue to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

20.    Defendants have a common business purpose of for-profit adult entertainment.

21.    This action is intended to include each and every tipped and/or hourly paid bartender and/or server who worked for Defendants at 135 9th Street, Pittsburgh, Pennsylvania 15222, at any time within the past (3) years.

22.    At all times material hereto, Defendants, BGC and RCI had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including but not limited to alcoholic and non-alcoholic beverages, computers, cash registers, and ATMs.

## STATEMENT OF FACTS

23.    Plaintiff, Holly Hill, was employed by Defendants from approximately April 1, 2021, to April 8, 2022.

24.    Defendants hired Hill to work as a non-exempt bartender/server for Defendants' adult entertainment club at 135 9th Street, Pittsburgh, Pennsylvania 15222, operating under the name "Rick's Cabaret."

25.     Plaintiff's job duties included serving alcoholic and non-alcoholic beverages to Defendants' customers.

26.     Plaintiff was hired at a rate of $5.00 per hour, plus tips.

27.     Defendants appear to have claimed a tip credit, to use tips to offset their minimum wage obligations.

28.     Defendants withheld a percentage of Plaintiff's and other bartenders' and servers' earned tips, purportedly to offset fees associated with collecting credit card payments.

29.     As tipped employees, with respect to whom Defendants claimed a tip credit, the bartenders and servers could only be required to contribute to a mandatory "tip pool" if all such pooled tips were distributed to tipped employees, pursuant to 29 U.S.C. § 203(m) of the FLSA.

30.     Defendants unlawfully required bartenders and servers to use tip monies in the pool to offset Defendants' business expenses.

31.     Specifically, all times relevant hereto, Defendants retained 5% of tips, purportedly to offset any fees associated with collecting credit card payments.

32.     Upon information and belief, Defendants' credit card fees were less than 5%.

33.     Through this practice, Defendants ensured that pooled funds did not only go to employees who customarily and regularly received tips. Instead, a portion of the tip pool effectively went to Defendants.

34.     Defendants' retention of a portion of their bartenders' and/or servers' tips in an amount greater than their actual credit card fees was/is in violation of the FLSA, PMWA, and

PWPCL. Therefore, Defendants were/are required to disgorge to Plaintiff, and those similarly situated to Plaintiff, any amounts unlawfully retained or distributed.

35.    In addition, because they did not comply with the tip pooling/tip credit statute and regulations, Defendants may not claim the tip credit, and must return to the severs and bartenders any tip credit claimed.

36.    Due to Defendants' conduct, including because Defendants were ineligible to claim a tip credit, Plaintiff and those similarly situated did not earn at least the applicable statutory minimum wage for all hours worked during one or more workweeks.

37.    Defendants' policy or practice of charging their tipped employees a fee that exceeded their cost to convert to cash tips patrons left by credit or debit card was and is in violation of the FLSA. Defendants knew or should have known that their policy or practice violated the FLSA, PMWA, and the PWPCL. Defendants nonetheless willfully violated the minimum wage provision of the FSLA, PMWA, and the PWPCL by charging their employees an amount in excess of their actual credit card fee costs.

38.    In addition, despite depriving bartenders and servers of the use of the 5% of tips collected, Defendants nonetheless reported those monies as income to the bartenders and servers, rather than as income to Defendants. This had the effect of offsetting Defendants' tax obligations onto their employees, also in violation of the FLSA, PMWA, and PWPCL.

39.    Plaintiff and those similarly situated to Plaintiff who worked for Defendants in the three years prior to the commencement of this lawsuit should be repaid any credit card fees in excess of what was permissibly deducted, as well as any amounts claimed as a tip credit. Plaintiff

and those similarly situated should be repaid for any amount of Defendants' tax obligations that Defendants shifted onto Plaintiff and those similarly situated through their unlawful practices.

    40.    Defendants have violated Title 29 U.S.C §§203, 206, the PMWA, and the PWPCL during the three years preceding the filing of the Complaint in this matter, in that:

        a.    Defendants have failed to pay Plaintiff and those similarly situated to her proper minimum wage for all hours worked for Defendants as required by the FLSA, PMWA, and PWPCL;

        b.    Defendants unlawfully retained tips that were the property of Plaintiff and those similarly situated; and

        c.    No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated to Plaintiff at a rate equal to the applicable minimum wage, for all hours worked, because Defendants improperly withheld tips from these employees, and because Defendants improperly claimed a tip credit for which they were not eligible, based on their conduct.

    41.    Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper minimum wage with respect to Plaintiff and those similarly situated, as Defendants knew, or with reasonable diligence should have known, that Plaintiff and other bartenders and/or servers should be paid at least the minimum wage for all hours worked; that Defendants were not permitted to retain 5% of employee tips to offset fees for credit card payments which had associated fees of less than 5%; and that Defendants improperly thereby retained tip pool monies, which were the property of the bartenders and/or servers.

    42.    Plaintiff brings a class and collective action to recover all improperly withheld tips and the unpaid minimum wages owed to her and all other similarly situated current and former bartenders and/or servers of Defendants who worked at Rick's Cabaret at 135 9th Street, Pittsburgh, Pennsylvania 15222, at any time during the three-year period before this Complaint was filed up to the present ("those similarly situated" or "Collective/Class Members"). These

Collective Class Members should be informed of the pendency of this action and approved of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff re-alleges and reavers paragraphs 1 through 42 of the Complaint, as if fully set forth herein.

44.     Upon information and belief, numerous bartenders and servers were victimized by Defendants' practices of claiming a tip credit for which they were not eligible, and misappropriating employee tips under the guise of a credit card fee offset, which practices are in willful violation of the FLSA.

45.     Based on her experiences and tenure with Defendants, Plaintiff understands and believes that Defendants' illegal practices described herein were imposed on those similarly situated.

46.     The Collective/Class members were bartenders and servers who worked at 135 9th Street, Pittsburgh, Pennsylvania 15222, and who therefore were required to give 5% of their pocketed tips to Defendants.

47.     These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of the pay provisions and employment practices at issue in this lawsuit.

48.     The Collective/Class members were similarly situated within the meaning of the FLSA.

49.     Any differences in job duties do not detract from the fact that these FLSA non-exempt employees were entitled to retain their tips and to be paid the minimum wage.

50.     The Collective/Class members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS—PENNSYLVANIA LAW

51.     Plaintiff re-alleges and reavers paragraphs 1 through 42 and 45 through 47 of the Complaint, as if fully set forth herein. The illegal practices Defendants imposed on Hill were likewise imposed on the Collective/Class members.

52.     Upon information and belief, the Collective/Class members is so numerous that joinder of all members of the class is impracticable.

53.     Defendants imposed uniform practices and policies on Hill and those similarly situated regardless of any individualized factors.

54.     Based on her experience and tenure with Defendants, Hill understands and believes that Defendants' illegal practices were imposed on the Collective/Class members.

55.     The Collective/Class members were paid less than the minimum wage by Defendants and were required to participate in an invalid "tip pool."

56.     Because Defendants' "tip pool" fails to meet the requirements of FLSA Section 3(m), Defendants are not entitled to a tip credit for any of the bartenders and servers who participated in the "tip pool" under the PMWA or PWPCL. Therefore, like Plaintiffs, these bartenders and servers are entitled to at least the minimum wage for each hour worked.

57.     Because Defendants' "tip pool" and credit card/debit card fee policies resulted in these similarly situated workers receiving less than the minimum wage, notice of this Class action is appropriately sent to:

> "All current and former bartenders and servers employed by Rick's Cabaret at 135 9th Street, Pittsburgh, Pennsylvania 15222, who were employed in the three years prior to August 5, 2022."

58.     Plaintiff's experiences are typical of the experiences of the Collective/Class members.

59.     Plaintiff has no interest contrary to, or in conflict with, the Collective/Class members. Like each member of the proposed class, Hill has an interest in obtaining the unpaid wages and other damages owed under the law.

60.     A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

61.     Absent this action of the Collective/Class members likely will not obtain redress of their injuries and Defendants will reap the unjust benefits of violating Pennsylvania law.

62.     Furthermore, even if some of the Collective/Class members could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system.

63.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

64.     Plaintiff's claims are typical of the Collective/Class members. Plaintiff and the Collective/Class members have all sustained damages arising out of Defendants' illegal and uniform employment policies.

65.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

66.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective or class action treatment.

## COUNT I
## VIOLATION OF 29 U.S.C. § 206 - MINIMUM WAGE COMPENSATION

67.    Plaintiff incorporates all allegations contained in paragraphs 1 through 50, as if fully set forth herein.

68.    Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA 29 U.S.C. § 206.

69.    Defendants required their bartenders and servers to contribute 5% of their pooled tips to cover Defendants' fees and costs associated with credit and debit transactions, even though the fees associated with same were less than 5%.

70.    Defendants' unlawful misappropriation of the tip pool rendered Defendants ineligible to claim a tip credit.

71.    Because Defendants are not entitled to a tip credit, they paid Plaintiff and those similarly situated less than the minimum wage for each hour worked.

72.    Because of these policies, Defendants violated the FLSA in that Plaintiff and those similarly situated have not been paid the full minimum wage for each hour worked during their employment.

73.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff and those similarly situated, but still failed to pay Plaintiff and those similarly situated at least minimum wages.

74.     Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

75.     Based upon information and belief, those similarly situated to Plaintiff were not paid proper minimum wage for each hour worked because they were subject to the same policies and practices applicable to Plaintiff, as described above.

76.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages, as well as in the amount of any tips improperly taken by the Defendants and/or their management, and the amount of Defendants' tax obligations that was shifted onto Plaintiff and the Collective/Class members for one or more weeks of work with Defendants.

77.     As a result of these common policies, Plaintiff and those similarly situated are entitled to receive: (1) The full statutory minimum wage; (2) Disgorgement of tips paid into the unlawful tip pool which were misappropriated by Defendants; (3) Recovery of any amounts of Defendants' tax obligation which was shifted from Defendants to the Class/Collective members; and (4) Liquidated Damages.

78.     Defendants knew, or reasonably should have known, their conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

79.     Plaintiff and those similarly situated are entitled to an award of reasonable attorneys' fees and costs 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT**

80.    Plaintiff incorporates all allegations contained in paragraphs 1 through 42, and 51 through 66, as if fully set forth herein.

81.    Plaintiff and those similarly situated are entitled to be paid at least the applicable minimum wage for each hour/week worked during their employment with Defendants.

82.    Plaintiff and those similarly situated were not paid the proper minimum wage, as required by the PMWA, because of Defendants' common policy and practice of taking more money from bartenders' and servers' tips than was charged to Defendants as credit card fees.

83.    Defendants' practice made Defendants ineligible to claim a tip credit.

84.    Defendants willfully failed to pay Plaintiff and those similarly situated minimum wages for their hours worked during their employment as required by the PMWA.

85.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and those similarly situated have been damaged in the loss of minimum wages, including tips, for one or more weeks of work with Defendants.

86.    Defendants have failed comply and continue to violate the PMWA, 43 Pa. C.S.C § 333.101 *et seq.*

87.    Plaintiff and those similarly situated are entitled to an award of damages under the PMWA.

88.    Plaintiff and those similarly situated are entitled to an award of reasonable attorneys' fees and costs under the PMWA.

**COUNT III**
**VIOLATION OF PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**

89.    Plaintiff incorporates all allegations contained in paragraphs 1 through 42 and 51 through 66, as if fully set forth herein.

90.    At all times relevant to this Complaint, Defendants were responsible for payment wage benefits to Plaintiff and those similarly situated.

91.    At all times relevant to this Complaint, Plaintiff and those similarly situated were employed with Defendants as "employees" within the meaning of the PWPCL.

92.    Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee promised employee benefits.

93.    Due to the practices described herein, Defendants failed to pay Plaintiff and those similarly situated all wages due.

94.    Defendants' conduct in failing to pay Plaintiff and those similarly situated in accordance with Pennsylvania law was intentional and willful and not based upon any reasonable interpretation of the law.

95.    Defendants' failure to pay Plaintiff and those similarly situated in accordance with the PWPCL was not in good faith.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Holly Hill, for herself and on behalf of other members of the Collective/Class, seek the following relief:

A. An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

B. An Order requiring Defendants to provide contact information for members of the Collective/Class sufficient to send the notice described in paragraph A., above.

C. Finding Defendants liable to Plaintiff and those similarly situated for unpaid wages under Section 16(b) of the FLSA and the PMWA, as well as for liquidated damages equal in amount to their unpaid compensation under the FLSA;

D.  Designating a class under the PMWA and PWPCL pursuant to Fed. R. Civ. P. 23;

E.  Appointing Plaintiff as the Lead Plaintiff and her counsel as Class Counsel to represent the interests of the both the FLSA and PMWA class/collective actions;

F.  An Order awarding unpaid minimum wages;

G.  An Order awarding Prejudgment interest to the extent not duplicative of liquidated damages awarded;

H.  An Order awarding liquidated damages and penalties under the FLSA and PWPCL;

I.  An Order awarding litigation costs, expenses, and attorneys' fees; and

J.  Such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff and those similarly situated hereby demand trial by jury.

Respectfully submitted this 5th day of August 2022.

Angeli Murthy, Esq.
PA Bar No.: 93699
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:    (954) 327-3016
E-mail:  amurthy@forthepeople.com
*Trial Counsel for Plaintiff*